# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BURNS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 09-3340-CV-S-RED |
| | ) | Crim No. 03-3011-CR-S-RED-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Michael Burns' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 1). For the following reasons, Petitioner's motion is **DENIED**.

## BACKGROUND

On October 30, 2003, Petitioner Michael Burns (hereinafter "Petitioner") was found guilty of conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and distribution of more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The Court sentenced Petitioner to three concurrent terms of 360 months of imprisonment on February 19, 2004. The Eighth Circuit upheld Petitioner's convictions on direct appeal, but remanded the case for resentencing because of a *Booker* sentencing error. Petitioner's petitions for rehearing or rehearing en banc were denied on April 4, 2006. At the resentencing hearing on June 16, 2006, the Court again sentenced Petitioner to three concurrent terms of 360 months of imprisonment. On September 10, 2006, Petitioner moved for a new trial based upon "newly discovered evidence" related to the credibility of the Government's expert witness, but the Court denied the motion on October 30, 2006. Petitioner

appealed the denial of his motion for new trial on November 8, 2006, and the Eighth Circuit upheld the denial on August 2, 2007, and denied Petitioner's petition for rehearing on September 6, 2007. Petitioner filed a petition for writ of certiorari with the United States Supreme Court, and the Supreme Court denied the petition on January 7, 2008.

On September 17, 2008, Petitioner file a *pro se* motion requesting permission to appeal out of time the reimposition of his 360 month sentence. On November 3, 2008, the Court denied Petitioner's request. Petitioner filed the present § 2255 motion on September 11, 2009.

## **ANALYSIS**

The only argument Petitioner asserts in his § 2255 motion is that he received ineffective assistance from his trial counsel because counsel allegedly failed to inform Petitioner of a plea offer by the Government. The Government argues Petitioner's motion is untimely. Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations which runs from the latest of four possible dates. The Government argues Petitioner's motion is untimely under 28 U.S.C. § 2255(f)(1) because it was filed on September 11, 2009, more than one year after the date on which Petitioner's judgment of conviction became final on January 7, 2008. Petitioner claims he only recently discovered evidence of the plea offer via a letter dated June 30, 2009, and therefore his motion is not untimely pursuant to 28 U.S.C. § 2255(f)(4). It appears from the filings, however, that Petitioner's argument is disingenuous.

While Petitioner argues in his motion (and via affidavit) that counsel never informed him the Government had offered a plea deal, both Petitioner and the Government attached separate letters from Petitioner's counsel to their filings which state the contrary. In a letter from his counsel which Petitioner provided to the Court, counsel states the Government offered Petitioner a plea deal, and

2

counsel and Petitioner "discussed the plea offer and [Petitioner] said it was not acceptable because it amounted to a 'death sentence,' meaning [Petitioner] would die in prison because of [his] age." The Government also provided a letter dated May 27, 2003, wherein counsel outlines for Petitioner paragraph-by-paragraph a "draft of a plea agreement put together by the government." Both Petitioner and the Government also attached a copy of counsel's "Memo to File" dated July 7, 2003, which details counsel's visit to Petitioner on July 3, 2003. In the memo, counsel states Petitioner was "not keen on pleading to [the Government's] numbers and feels he has nothing to lose by going to trial since the offer itself is a 'death sentence' in terms of time he will have to do and his current age." These letters refute Petitioner's assertion that he first learned of the Government's plea offer in the June 30, 2009 letter from counsel. Accordingly, Petitioner cannot use the June 30, 2009 letter as "newly discovered evidence" for purposes of calculating his one year limitation period for filing his § 2255 motion. Instead, the date on which Petitioner's judgment of conviction became final, January 7, 2008, remains the date from which the limitation period runs. *See* 28 U.S.C. § 2255(f)(1). Petitioner did not file the present motion until September 11, 2009, more than eight months after his one year limitation period expired. Even if Petitioner had timely filed the motion, his argument that counsel was ineffective for failing to discuss the plea offer with him is contradicted by the evidence of record, and Petitioner cannot meet the standard for showing ineffective assistance of counsel on this allegation.

For these reasons, Petitioner's § 2255 motion and request for an evidentiary hearing are DENIED (Doc. 1). *See Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003) (affirming dismissal of § 2255 motion filed one month out of time); *United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005) ("A § 2255 motion 'can be dismissed without a hearing if ... the

allegations cannot be accepted as true because they are contradicted by the record.'").

**IT IS SO ORDERED**.

DATED: March 11, 2010   _____/s/ Richard E. Dorr_____
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT