# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 6:03-cr03011-MDH-1 |
| MICHAEL R. BURNS, | ) ) ) |
| Defendant. | ) ) |

## ORDER FOR COMPASSIONATE RELEASE

Before the Court is Defendant Michael R. Burns' ("Defendant") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 322). Defendant also requests transfer of supervised release jurisdiction from the Western District of Missouri to the Central District of California, as Defendant and Defendant's family reside in California. (Doc 322 at 8). The prosecution responded, recommending release. (Doc. 323). For reasons below, Defendant's Motion for Compassionate Release is **GRANTED** and Defendant's Motion for Transfer of Supervised Release Jurisdiction is determined to be **MOOT**.

## PROCEDURAL BACKGROUND

Defendant was sentenced in 2004 to three concurrent terms of 360 months imprisonment following conviction of narcotics-related charges. (Doc. 200). The Court in 2018 granted Defendant's Motion to Reduce Sentence, shortening Defendant's 360-month sentence to 324 months. (Doc. 263). Defendant serves the remainder of his 324-month sentence in home confinement due to the ongoing Covid-19 pandemic. (Doc. 322 at 1). Defendant filed the present Motion for Compassionate release on July 27, 2022. (Doc. 322). Defendant requests

1

release from home confinement. Defendant argues Defendant's age and health issues, including heart failure and major gastrointestinal issues, render Defendant especially vulnerable to Covid-19. (Doc. 322 at Ex. 1). Defendant's home confinement supervision requires Defendant to travel five hours via car three times monthly to report to Orion RRC in Van Nuys, CA, increasing potential exposure to the Covid-19 virus. (Doc 322 at Ex. 2).

The prosecution responded, recommending the Court grant Defendant's request for release from home confinement and deny without prejudice Defendant's transfer request. (Doc. 323). Defendant on August 15, 2022 updated the Court regarding Defendant's compassionate release request, indicating the U.S. Probation Office for the Central District of California agreed to "courtesy supervision." (Doc 327 at 1). Defendant explains the courtesy supervision arrangement renders it unnecessary for the Court to rule on Defendant's Motion to Transfer Supervision. (Doc. 327 at 1).

## **LEGAL BACKGROUND**

The Court may reduce a term of imprisonment upon motion of a defendant if, *inter alia*, the Court determines, "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.A. § 3582. The express purpose of the statute is, "to expand the use of compassionate release sentence reductions." *United States v. Young*, 458 F. Supp. 3d 838, 844 (M.D. Tenn. 2020). The statute instructs courts to consider factors identified in 18 U.S.C.A. § 3553 when determining whether extraordinary and compelling reasons exist. 18 U.S.C.A. § 3582. These factors include, "the nature and circumstances of the offense and the history and characteristics of the defendant". 18 U.S.C.A. § 3553. Compassionate release must be consistent with Sentencing Commission policy priority. 18 U.S.C.A. § 3582. The policy statement pertinent to compassionate release restates the statutory language, adding courts may reduce a sentence

only when release poses no safety threat. U.S.S.G. 1B1.13. Corresponding notes list additional specific factors to consider when assessing whether extraordinary and compelling reasons for release exist. *Id*. These include the defendant's age, medical condition, and family circumstances. *Id*. District courts have broad discretion in determining whether reduction is warranted. *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020), reh'g denied (Nov. 2, 2020), cert. denied, 141 S. Ct. 2741, 210 L. Ed. 2d 894 (2021).

## ANALYSIS

The Court considers Defendant's medical condition, specifically terminal illnesses, serious functional or cognitive impairments, and age-related deterioration hindering self-care. U.S.S.G. 1B1.13. Defendant does not claim to suffer *terminal* illness. Defendant provided documentation verifying heart failure. (Doc. 322 at Ex.1). Defendant recently underwent triple bypass surgery to correct heart failure. (Doc. 322 at Ex.2). Defendant is legally blind. (Doc. 322 at 5). Defendant also suffers "serious loss of hearing" and "major gastrointestinal issues." (Doc. 322 at 5 and Ex. 2).

Due to the ongoing Covid-19 pandemic, Defendant serves imprisonment via home confinement. (Doc. 322 at 1). Home confinement conditions require Defendant to physically report to Behavioral Systems Southwest at Orion RRC in Van Nuys, CA, a five-hour roundtrip drive from Defendant's residence. (Doc 322 at Ex. 2). Defendant's legal blindness renders transport especially burdensome. (Doc 322 at Ex. 2). Defendant's medical conditions place Defendant at high risk of serious complications, should Defendant contract Covid-19. (Doc. 322 at 7). Travel required for Defendant's home confinement conditions increases Defendant's risk of exposure to the Covid-19 virus.

3

The Sentencing Commission instructs courts to consider Defendant's age, whether ageing has caused significant deterioration, and whether Defendant has served at least ten years or seventy-five percent of Defendant's sentence, whichever is less. U.S.S.G. 1B1.13. Defendant is seventy-three years old. (Doc. 322 at 1). Though Defendant does not explicitly claim age caused Defendant's health problems, Defendant's advanced age likely contributes. Defendant's incarceration began in 2003, nearly twenty years ago. (Doc. 322 at 2).

The Court also considers whether Defendant poses a safety risk to any specific person or generally to the community. U.S.S.G. 1B1.13. Defendant was convicted of non-violent, narcotics-related offenses. (Doc. 200). Defendant since 2020 serves the imprisonment sentence via home confinement due to the ongoing Covid-19 pandemic. (Doc. 322 at 2). No evidence suggests Defendant has jeopardized safety during home confinement. (Doc. 322 at 2).

The combination of Defendant's: 1) severe health conditions; 2) advanced age; 3) lack of safety risk; 4) nearly twenty years of incarceration; and 5) risk of Covid-19 exposure imposed by home confinement conditions constitute "extraordinary and compelling reasons" for sentencing reduction per 18 U.S.C.A. § 3582.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to for Compassionate Release is **GRANTED** and Defendant's Motion for Transfer of Supervised Release Jurisdiction is **MOOT**.

**IT IS SO ORDERED.**

Dated: August 16, 2022                    */s/Douglas Harpool*
                                                                                              **DOUGLAS HARPOOL**
                                                                                              **United States District Judge**